NO. 07-03-0473-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 10, 2004

_____

PEDRO A. NOYOLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

NO. 2002-481035; HONORABLE LARRY B. "RUSTY" LADD, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**ABATEMENT AND REMAND**

Following his plea of not guilty, appellant Pedro A. Noyola was convicted by a jury of driving while intoxicated and punishment was assessed by the trial court at 180 days confinement and a fine of $2,000, suspended for 24 months. Both the clerk's record and

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

the reporter's record have been filed. Appellant's brief was due to be filed on March 5, 2004, but has yet to be filed. Also, no motion for extension of time in which to file the brief was filed. By letter dated April 19, 2004, this Court notified appellant's counsel, Mr. David Martinez, of the defect and also directed that he explain to this Court by April 30, 2004, why the brief was not filed. Mr. Martinez did not respond and the brief remains outstanding.

Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal;

2.      whether appellant is indigent and entitled to appointed counsel;

3.      whether counsel for appellant has abandoned the appeal; and

4.      whether appellant has been denied effective assistance of counsel given his attorney's failure to file a brief.

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel. If different counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter

2

regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, June 11, 2004.

      It is so ordered.

Per Curiam

Do not publish.